# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMORETTE JONES; CONSTANCE V. JONES; SHANE JONES as an individual and guardian ad litem to HUNTER JONES and COLTEN MAX JONES; and PIRIE GROSSMAN as an individual and guardian ad litem to JEREMY ROBERT GROSSMAN and ISABELLA MARIE GROSSMAN,<br><br>Plaintiff,<br><br>vs.<br><br>MARTIN GANZ; and DOES 1-25,<br><br>Defendant. | CASE NO. 11-cv-2331 - IEG (WVG)<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE**<br><br>[Doc. No. 9] |

Presently before the Court is Plaintiffs Amorette Jones, Constance V. Jones, Shane Jones as an individual and guardian ad litem to Hunter Jones and Colten Max Jones, and Pirie Grossman as an individual and guardian ad litem to Jeremy Robert Grossman and Isabella Marie Grossman ("Plaintiffs")'s motion for default judgment against Defendant Martin Ganz ("Defendant"). [Doc. No. 9.] For the reasons stated below, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' motion.

## BACKGROUND

The following allegations are taken from the complaint. In or about 2008, decedent Max Jones purchased life insurance policies totaling $65,000,000. [Doc. No. 1, Compl. ¶ 15] These policies were to pay through to Plaintiffs upon Mr. Jones death via three separate trusts, with the

- 1 -

Plaintiffs being the beneficiaries of those trusts. [Id. ¶¶ 15-16.]

Around mid-2010, Defendant representing a group of investors purchased the beneficial interest in the trusts. [Id. ¶¶ 11, 17.] Shortly after Mr. Jones' death, a dispute arose between Plaintiffs and Defendant over the payouts that Plaintiffs would receive from the life insurance policies. [Id. ¶ 18.] On or about September 14, 2011, Plaintiff's attorney, Mr. Ozanne, and Defendant agreed that Defendant and his investment group would pay to Plaintiffs 22.5% of the net benefits derived from three of the life insurance policies (totaling $10,125,000), and 50% of the net benefits derived from the remaining two policies (totaling $10,000,000). [Id. ¶ 19.] This agreement was confirmed by a written email that was sent from Defendant to Mr. Ozanne. [Id. ¶ 20.] Some time after September 14, 2011, the entire benefits from the first three policies were paid into the trusts and later disbursed to Defendant without Plaintiffs receiving any money. [Id. ¶ 24.] The money from the remaining two policies has yet to be disbursed. [Id.]

On October 7, 2011, Plaintiffs filed the present action against Defendant alleging causes of action for: (1) breach of written contract; (2) breach of oral agreement; (3) fraud; (4) restitution; and (5) conversion. [Compl.] When Defendant failed to respond to the complaint, and after the Clerk of Court entered default, Plaintiffs filed the present motion for default judgment seeking $20,125,000 plus interest. [Doc. Nos. 8-9.]

**DISCUSSION**

**A.    Legal Standard for a Default Judgment**

A district court has discretion to grant or deny a motion for default judgment. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion to grant or deny relief, the district court should consider:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted). Upon entry of default, the factual allegations of the plaintiff's complaint will be taken as true, except for those relating to the amount of damages. See TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir.

1987). If plaintiff is seeking money damages, the plaintiff "is required to provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the complaint." Amini Innovation Corp. v. KTY Int'l Mktg., 768 F. Supp. 2d 1049, 1053-54 (C.D. Cal. 2011).

### B.  Analysis

Plaintiffs' motion contains no legal analysis or any discussion of the *Eitel* factors showing that Plaintiffs are entitled to default judgment. Plaintiffs' motion is also not supported by a separate memorandum of point and authorities as required by Local Civil Rule 7.1(f)(1).[1]

In addition, Plaintiffs seek a judgment against Defendant in the sum of $20,125,000 plus pre-judgment interest at the rate of ten percent per annum. [Doc. No. 9 at 2; Doc. No. 9-1, Declaration of James T. Ryan ("Ryan Decl.") ¶ 12.] In support of this damages claim, Plaintiffs only provide the Court with a purported agreement between Defendant and a "Brendan Dawson,"[2] which states:

> The family will get 22 and 1 half percent of the net proceeds from the life insurance policies issued by Principle Financial Group and Trans America on the Life of Max jones, and 50 percent of net proceeds on the Lincoln Financial policy.

[Id. Ex. C.] This is at most evidence showing the percentages of the net proceeds from the policies to which Plaintiffs were entitled. However, Plaintiffs have not presented any evidence showing the net proceeds of those policies. Therefore, Plaintiffs have failed to provide the required evidence to support of their claim for monetary damages of $20,125,000. See Amini Innovation, 768 F. Supp. 2d at 1053-54. Plaintiffs also provide no legal authority for their contention that they are entitled to pre-judgment interest at a rate of ten percent.

In sum, because Plaintiffs have failed to provide any legal support for their motion or sufficient evidence in support of their claim for monetary damages, the Court **DENIES**

---

[1] Local Civil Rule 7.1(f)(1) provides: "Each motion or other request for ruling by the court must be accompanied by a separate motion and notice of motion and another separate document captioned 'Memorandum of Points and Authorities in support of [the motion].'"

[2] The Court notes that this exhibit contradicts the allegations in the complaint that state that the agreement was between Defendant and Plaintiff's attorney, Mr. Brendan Ozanne. [Compl. ¶¶ 11, 18-24.]

1 | **WITHOUT PREJUDICE** Plaintiffs' motion for default judgment.

## CONCLUSION

For the reasons stated above, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' motion for default judgment.  In addition, the Court notes that Plaintiffs' motion was filed without first obtaining a hearing date for the motion from chambers.  The Court directs Plaintiffs to obtain a hearing date from chambers prior to the filing of any future motions in accordance with Local Civil Rule 7.1(b).

**IT IS SO ORDERED.**

**DATED:** January 9, 2012

_____
**IRMA E. GONZALEZ, Chief Judge
United States District Court**